UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOSEPH GODSEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-cv-00288 |
| | ) | REEVES/GUYTON |
| TONY PARKER, HARDEMAN COUNTY CORRECTIONAL COMPLEX NURSE PRACTICIONER, and HARDEMAN COUNTY CORRECTIONAL COMPLEX DR., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. For the reasons set forth below, Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases

and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.    ALLEGATIONS OF THE COMPLAINT

In April 2017, while housed as an inmate at the Hardeman[1] County Correctional Facility, Plaintiff was examined by a nurse practitioner after complaining about a pain in his side and back [Doc. 1 p. 3-4]. Plaintiff was advised that he had an edema and that he should take a multivitamin, but he was reassured that his blood work was fine [*Id.* at 4]. The pain increased, however, and Plaintiff again sought sick call services [*Id.*]. At this second examination, the nurse practitioner advised him that his blood work was normal and suggested that he stop eating salt [*Id.*].

In April 2018, Plaintiff was transferred to the Morgan County Correctional Complex [*Id.*]. Plaintiff there sought medical treatment on April 24, 2018, for severe pain and a distended liver [*Id.*]. Blood work was performed, and the following week, Plaintiff was examined by a physician who told him that his liver enzymes were four times higher than normal [*Id.*]. The physician informed Plaintiff that the previous facility should have discovered this issue earlier [*Id.*]. Plaintiff now seeks monetary relief for the "medical malpractices and negligence" of the medical staff at Hardeman County Correctional Facility [*Id.* at 5].

---

[1] Plaintiff has filed his claims against personnel at the "Hartaman County Correctional Complex" [Doc. 1 p. 3]. However, there is no such facility in the Tennessee Department of Corrections ("TDOC"). Therefore, the Court assumes Plaintiff's complaints are against the Hardeman County Correctional Facility, which is a TDOC facility.

### III. ANALYSIS

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 839–40 (1994)). To meet this standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner;" (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

This exacting standard is not met with negligence or medical malpractice. *Estelle*, 429 U.S. at 107; *Farmer,* 511 U.S. at 835. In this case, Plaintiff alleges that Defendants should have, but did not, properly diagnose his medical condition. Accordingly, Plaintiff's claims sound in negligence and fail to state an Eighth Amendment claim for the denial of medical care.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**